**DANNER, Plaintiff-Appellee, v. DANNER, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21691.   Decided February 13, 1950.

Clifford E. Bruce, Cleveland, for plaintiff-appellee.
Beach & Warner, Cleveland, for defendant-appellant.

(GUERNSEY, PJ, of Third District: HUNSICKER, J, DOYLE, J, of Ninth District sitting by designation in Eighth District.)

## OPINION

By DOYLE, J:

This is an appeal from a money judgment entered in the Municipal Court of the City of Cleveland against Raymond B. Danner and in favor of his former wife, Clarabelle M. Danner.

It appears in the record that on the 15th day of October, 1940, Clarabelle M. Danner and Raymond B. Danner, hus-

band and wife, entered into a separation agreement in writing in which, after providing for the support and custody of their minor children prescribes:

"It is further mutually agreed that the property now held jointly between parties hereto in the City of Erie, State of Pennsylvania is to be sold at the highest possible price obtainable; that out of the proceeds thereof all encumbrances are to be paid first out of the net proceeds and the balance to be divided equally between the party of the first part and the party of the second part."

On the 20th of November, 1940, real property standing in the name of the husband in Erie, Pa., was sold and a deed delivered. In this transaction the wife signed the instrument and conveyed all rights which she had in the premises. Neither party owned nor had any interest in any other property in the City of Erie.

At a later time, during the January term of the Common Pleas Court of Mahoning County, in an uncontested divorce action the husband, Raymond, was granted a divorce from his wife, Clarabelle, and in the entry of judgment the following language appears:

"The court being advised that there is a mutual agreement between the parties hereto regarding the support and custody of the children mentioned herein, the court therefore makes no disposition of the matter at the filing of this entry."

The judgment from which this appeal is taken was rendered on the claim of the wife for a one-half interest in the net proceeds of the sale of the Erie property; claimed under the terms of the separation agreement hereinbefore quoted.

Attention is first directed to the following claimed error:

"It is our view that when the parties were shifted from the status of being legally separated, but still husband and wife, to being divorced, the separation agreement came to an end in the absence of the divorce court having approved, ratified or incorporated same into the divorce decree. This especially is so where the divorce decree, as in the instant case, clearly shows that the separation agreement was taken cognizance of * * *."

And further:

"The separation agreement ceased to exist when the divorce decree was entered and therefore the separation agreement upon which suit was brought would be unenforcible. This action would amount to an effort to have a belated appeal from the divorce decree entered in Mahoning County. The Municipal Court of Cleveland would have no jurisdiction as an appellate court to review the decision of the Common Pleas Court of Mahoning County, even if the attempted appeal had been initiated within the time required by law * * *."

It seems to the members of this Court that a decree of divorce which makes no reference to a property settlement previously made between a husband and wife in a separation agreement and which speaks of the contents of the separation agreement only by saying that because of the "mutual agreement between the parties for the support of the children, no provision for them will be made by judicial order" does not of its own force terminate a separation agreement previously entered into by the parties; and that under the circumstances here shown the contract designated "Separation Agreement" remains in full force and effect and may be enforced in a court of law.

**Mendelson v. Mendelson, 123 Oh St 11; Tefft v. Tefft, 73 Oh Ap 399.**

The claim is further made that the parties "held jointly" at no time any property in Erie, Pa., and as a result thereof the agreement in the separation instrument could not be enforced against the property, the legal title to which was in the husband alone.

In this connection we must follow the principle so well grounded in the law of contracts—what was in the minds of the contracting parties? The parties owned no property in Erie, Pennsylvania, excepting only the real estate in question, which stood in the name of the husband. Of course this was the subject matter concerning which they were contracting and we are of the opinion that the trial court did not err in finding that this was the property "in the minds of the contracting parties."

We have examined all of the other errors claimed and we find none to be of a prejudicial character.

Judgment affirmed. Exceptions. Order see journal.

GUERNSEY, PJ, HUNSICKER, J, concur.